Antoinette C. Taylor
101 Gray Hawk Drive
Shelbyville, Kentucky 40065
502.633.4493

FILED (SG)
U.S. DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

08 DEC 15  PM 2: 42

Plaintiff in Pro Se

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-656-S

ANTOINETTE C. TAYLOR, an individual

VS.                              PLAINTIFF

MICHAEL HUMFLEET, individually and in his
capacity as a City of Shelbyville Police Officer and
as an employee, agent, and servant, of the City of
Shelbyville and the Shelbyville Police Department
and as an agent and servant of the City of Shelbyville;
JOHN WILSON, individually and as Sergeant in his
capacity as a City of Shelbyville Police Officer and
as an employee, agent, and servant, of the City of
Shelbyville and the Shelbyville Police Department
and as an agent and servant of the City of Shelbyville;
ROBERT A. SCHUTTE, individually and as Chief
of Police in the Shelbyville Police Department of the
City of Shelbyville.

          SERVE AT:  Shelbyville Police Department
                     303 Main Street
                     Shelbyville, Kentucky 40065
     and

CITY OF SHELBYVILLE

          SERVE:     Thomas L. Hardesty
                     Mayor of Shelbyville
                     315 Washington Street
                     Shelbyville, Kentucky 40065

     and

COMPLAINT FOR:

DAMAGES

JURY TRIAL DEMANDED

THOMAS L. HARDESTY, both individually and
in his official capacity as Mayor of the City of
Shelbyville
315 Washington Street
Shelbyville, Kentucky 40065.          **DEFENDANTS**

\* \* \* \* \* \* \* \*

Comes the *Pro Se* Plaintiff, Antoinette C. Taylor individually and for her cause of

actions herein, states as follows:

## <u>INTRODUCTION</u>

1.      This is an action is brought for damages and other appropriate relief at law

to redress the deprivation under color of statute, ordinance, regulation, custom, or usage

of a right, privilege, and immunity secured to plaintiff by the [First and] Fourteenth

Amendment [s] to the Constitution of the United States (R.S. 1979, 42 U.S.C. section

1983 [and section 1985]), [and arising under the law and statutes of the State of

Kentucky] and for violation of the Plaintiff's civil rights under color of state law.

2.      The jurisdiction of this Court is invoked under 28 U.S.C. section 1343 (3),

this being an action authorized by law to redress the deprivation under color of Kentucky

law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity

secured to plaintiff by the [First and] Fourteenth Amendment[s] to the Constitution of the

United States.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum

or value of ten thousand dollars ($10,000) and is therefore conferred upon this Court by

28 U.S.C. section 1331.

4.      During all times mentioned in this complaint,

Plaintiff Antoinette C. Taylor ("Antoinette C. Taylor"), is, and was at all times herein referred to, a citizen of the United States of America who resides in the City of Shelbyville, which is located in Shelby County, Kentucky.

5.      At all times mentioned here in the Complaint,

Defendants Michael Humfleet ("Humfleet") and John Wilson ("Wilson") were both residents of Kentucky, both were duly appointed, employed, and presently acting police officers in the Shelbyville Police Department and both were duly authorized and empowered agent of the City of Shelbyville and both were acting in his individual and in his official capacity under the color of state law.

6.      At all times mentioned here in the Complaint,

Defendant Robert A. Schutte ("Schutte") was duly appointed and presently acting Chief of Police in charge of the Shelbyville Police Department and duly employed, authorized and empowered agent of the City of Shelbyville and was acting in his individual and in his capacity under the color of state law.

7.      At all times mentioned here in the Complaint,

Defendant, City of Shelbyville ("Shelbyville"), is a 6th class city pursuant to Kentucky law and at all times relevant hereto employed Defendants Michael Humfleet, John Wilson and Robert A. Schutte.

8.      At all times mentioned here in the Complaint,

Defendant Thomas L. Hardesty ("Hardesty") was a resident of Kentucky, was the mayor and duly appointed and presently acting mayor and duly employed, authorized and empowered agent of the City of Shelbyville and was acting in his individual and in his

official capacity under the color of state law.

9.      At all times material to this Complaint,

Defendants, Michael Humfleet, John Wilson and Robert A. Schutte were employed as

police officers of the City of Shelbyville, State of Kentucky, and were acting under the

color of their official capacity and their acts were performed under color of the statutes

and ordinances of the City of Shelbyville and State of Kentucky.  Defendants were the

servants, agents, and employees of their Codefendant, the City of Shelbyville, so that their

acts are imputed to the City of Shelbyville.

10.      During all times mentioned here in the Complaint,

Defendants Michael Humfleet and John Wilson were acting pursuant to orders and

directives from Defendant Robert A. Schutte.

11.      At all times mentioned here in the Complaint,

Defendant City of Shelbyville was a municipal corporation of the State of Kentucky, and

was the employer of Defendants Michael Humfleet, John Wilson, and Robert A. Schutte.

The City of Shelbyville provided each of the individual defendants with an official badge

and identification card, which designated and described its bearer as Police Chief or

police officer of the said city's police department.  The City of Shelbyville is the

municipal corporation in whose name the individual defendants, and each of them,

performed all acts and omissions alleged here.

The City of Shelbyville, State of Kentucky was incorporated under the laws of the

State of Kentucky with authority to sue and be sued in its corporate name and it waived

any governmental immunity from lawsuits and gave consent to be sued by procuring and

maintaining in force a comprehensive liability insurance policy, being unknown policy

number of the unknown insurance company effective from unknown date to unknown

date with unknown limits of dollars for each person for each incident and unknown

dollars for each incident.

12.     During all times mentioned herein this Complaint, the individual

defendants and each of them, separately and in concert, acted under color and pretense of

law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the

State of Kentucky and the County of Shelby and the City of Shelbyville.  Each of the

individual defendants here, separately and in concert, engaged in the illegal conduct here

mentioned to the injury of Plaintiff and deprived Plaintiff of the rights, privileges, and

immunities secured to Plaintiff by the [First and] Fourteenth Amendment[s] to the

Constitution of the United States and the laws of the United States.

## FACTUAL ALLEGATIONS - INVOLUNTARY COERCED AGREEMENT

13.     All the foregoing paragraphs of the Complaint are incorporated herein and

made a part hereof as if again set forth in full.

14.     On March 26, 2008, Plaintiff met with her private defense attorney and she

insisted that she was not guilty of any and all pending criminal charges.  Plaintiff

repeatedly told her defense attorney that she wanted to go to trial.

15.     On November 17, 2008, Plaintiff's defense attorney coerced and forced

Plaintiff into an involuntary release-dismissal agreement of her rights to file a civil rights

action in return for prosecutor's dismissal of pending criminal charges through him not

being adequately prepared for jury trial set on November 19, 2008.

16.    Plaintiff's private defense attorney acted incompetent and ineffective.  For example, He willfully and intentionally failed to prepare for trial, to subpoena essential plaintiff's witnesses and to follow deadlines as outlined in district court Order.

17.    Plaintiff's defense attorney willfully and intentionally disobeyed the district court Order and missed deadline to file all discovery and pretrial motions by October 23, 2008 of the final pretrial conference on November 6, 2008.  Therefore, Plaintiff's defense attorney filed no pretrial motions or obtained response to amended bill of particulars, which Plaintiff had prepared herself.

18.    As a result of Plaintiff's defense attorney's negligence and misconduct, he has caused Plaintiff's her civil and constitutional rights and to a speedy and fair trial and future appeals.  Plaintiff's defense attorney has caused her to lose valuable legal rights, has caused her to involuntarily receive inadequate release-dismissal agreement or future verdict, has caused her to not to receive a Public Defender in her own defense since she met all the qualifications of a "poor" person.

19.    If Plaintiff's defense attorney had not coerced her involuntarily accepting prosecutor's agreement, Plaintiff's criminal case could have ended differently by a Motion to Dismiss all criminal charges with prejudice and she could have maintained all her civil and constitutional rights to sue for an unlawful arrest and malicious prosecution, only if Plaintiff had been given proper legal representation.

20.    In addition to, Prosecutor engaged in unethical conducted and acted unprofessionally under SCR 3.8, Special Responsibilities of a Prosecutor.

21.     Prior to trial set on November 19, 2008, prosecutor willfully and intentionally attempted to prosecute charges against Plaintiff when he knew that those charges were not supported by probable cause.

22.     On November 6, 2008, prosecutor objected to a hearing on probable cause during motion hour.  He knew that the charges totally lacked evidence on all essential elements.  He knew that he had no chance to prove his burden, whatsoever.

23.     Prosecutor failed to seek justice, but instead he attempted to get Plaintiff convicted on all pending criminal charges.

24.     Prosecutor failed to represent the sovereign and therefore he failed to use restraint in the discretionary exercise governmental powers such as in the selection of cases to prosecute.

25.     Prosecutor failed his duty to dismiss charges that lack merit.  He failed to refrain from instituting or continuing litigation that is obviously unfair.

26.     Prosecutor failed to make reasonable effort to assure that Plaintiff had been advised of her to be represented by a Public Defender if she was unable to afford legal representation.

27.     On October 23, 2008, prosecutor has caused Plaintiff not to be represented by a Public Defender during motion hour.

28.     On November 6, 2008, prosecutor admitted in open court that he failed to make timely disclosure to the defense of all evidence or information known him that tends to negate the guilt of the accused or mitigates the offense . . .that he failed to turn over the audiotapes of calls in a timely manner.

29.     On November 6, 2008 during final pretrial conference, prosecutor disobeyed Judge's Direct Order to provide the amended bill of particulars within seventy-two (72) hours prior to trial to Plaintiff's defense attorney for her inspection.  To date, prosecutor has caused Plaintiff not to have received or inspected her amended bill of particulars.

30.     On November 6, 2008, prosecutor disobeyed Judge's Direct Order to furnish Plaintiff's defense attorney a list of witnesses with the names and addresses of all persons to be called at trial within seventy-two (72) hours prior to trial for her inspection. To date, prosecutor has caused Plaintiff not to have received or inspected their list of witnesses.

31.     As evident by prosecutor's misconduct and negligence, the release-dismissal agreement should not be enforceable.  If this agreement were enforced, it would adversely affect the relevant public interests.

32.     As a direct and proximate result of the negligence and other causes of actions herein averred against the prosecutor, he has caused Plaintiff unnecessary delay and increased costs of litigation in defending herself against the false criminal charges instituted and perpetuated against her by these defendants in Shelby District Court.

## FACTUAL ALLEGATIONS -
## UNLAWFUL ARREST AND DETENTION

33.     All the foregoing paragraphs of the Complaint are incorporated herein and made a part hereof as if again set forth in full.

34.     On March 12, 2008, the Defendants named in paragraph 11 caused

Plaintiff Antoinette C. Taylor to be arrested and carried away in an automobile by a uniformed policeman through her apartment subdivision in front of her friends and former fellow neighbors.  Plaintiff was taken to the Shelby County Detention Center located at 1000 on Detention Road, City of Shelbyville, State of Kentucky, and caused her to be there, booked, imprisoned and suffered the humiliation of criminal charges.

35.     On her arrival at the said Shelby County Detention Center at or about 11:30 o'clock, P.M., Plaintiff Antoinette C. Taylor was placed in a locked and barred in an iced cold jail cell there, and was there imprisoned for approximately thirteen (13) hours.  During the course of this thirteen (13) hours period, the Plaintiff was subjected to sleeping on the cement floor with bugs, to freezing without having a blanket, to going without medication, including fingerprinting and photographing.

36.     Throughout the thirteen (13) hours imprisonment, Plaintiff Antoinette C. Taylor:

a)     Was never brought before a judge, court, or magistrate;

b)     Was never charged with a crime;

c)     Was never able to be released on her own recognizance;

d)     Was not informed of her right to the advice of an attorney;

f)     Was not given the required warning that any statement she made could and would be used against her in any criminal proceeding;

g)     Was not informed of her privilege against self-incrimination;

Instead, Plaintiff Antoinette C. Taylor was detained and imprisoned by the individual defendants and all of them on the purported justification that she had been

arrested and was being held for "investigation on open charges", ["suspicion"], by which terminology the defendants meant that she was not being held to answer to a charge of a violation of a statute or ordinance, but instead was being held without legal charge of being investigated. This imprisonment of Plaintiff Antoinette C. Taylor was caused to be committed by the individual defendants, and all of them.

37. Throughout some or all of the period of Plaintiff Antoinette C. Taylor's imprisonment by the defendants, the following branches of the Shelby County District Court were in session in the City of Shelbyville and other branches. All of these branches have jurisdiction to grant police officers leave to file criminal and quasi-criminal complaints against arrested persons, and have jurisdiction to admit arrested persons to be released on his or her own recognizance or bail.

38. At the conclusion of the thirteen (13) hours imprisonment, Plaintiff Antoinette C. Taylor was released from custody by defendants, Michael Humfleet, John Wilson, and Robert A. Schutte. Plaintiff was not then charged with a crime or violation of ordinance, nor has she ever subsequently been so charged.

39. Plaintiff alleges that she was arrested without probable cause by defendants who, under the facts available, did not have an objective, good faith belief that Plaintiff was guilty of the offense charged. Plaintiff further alleges that such arrest was in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff's arrest was made under color of any statute, ordinance, regulation, custom, or usage, of any State . . .(Section 1983 of

the Civil Rights Act of 1871 [42 U.S.C.A. section 1983] and under the color of the

authority of Defendant as a police officer for the City of Shelbyville.

<u>**ALLEGATIONS -**</u>
<u>**AS TO DENIAL OF CIVIL RIGHTS**</u>

40.     All the foregoing paragraphs of the Complaint are incorporated herein and

made a part hereof as if again set forth in full.

41.     Each of the [*individual*] defendants, separately and in concert, acted

outside the scope of his jurisdiction and without authorization of law [and each of the

(individual) defendants, separately and in concert, acted willfully, knowingly, and

purposely with the specific intent to deprive plaintiff of her right to:

-        Freedom from unlawful arrest and conviction without evidence in support

thereof;

-        Freedom from illegal detention/and imprisonment;

-        Freedom from coercion and intimidation;

-        Release on own recognizance or reasonable bail;

-        The timely and effective assistance and advice of counsel;

-        A fair trial;

All of these rights are secured to Plaintiff by the provisions of the [*First*

*Amendment and the*] due process clause of the Fifth and Fourteenth Amendments to the

Constitution of the United States, and by Title 42 United States Code Sections 1983 and

Section 1985; and by Title 18 United States Code section 245 (1968).

42.     As a direct and proximate result of the aforesaid acts of the *[individual]*

Page 11 of 25

defendants, and each of them, Plaintiff Antoinette C. Taylor suffered pain and suffering, physical and mental anguish, from then until now, and she will continue so to suffer in the future; and she has lost and will in the future lose large sums of money by reason of having been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the defendants. The Plaintiff is entitled to attorney fees pursuant to Title 42 U.S.C. section 1988 and all other applicable Federal and State laws.

Plaintiff was forced to incur substantial obligations for attorney's fees and other expenses in the defense of herself against the unfounded and unwarranted prosecution by the defendants, which have been a serious burden to her.

As a direct and proximate result acts of the negligence and other causes of actions herein averred against the defendants, caused Plaintiff to suffer damages to her property in the course of her arrest amounting to $893.60; caused Plaintiff to suffer loss of earnings amounting to $396 and in the amount of $250 in additional out-of-pocket incurred as a result of her false arrest and detention, and has caused her to suffer damages in the amount of $1000 in attorney's fees in defending against the unwarranted charge filed against her. In addition, Defendants have caused Plaintiff to suffer great and lasting humiliation and embarrassment; was wrongfully deprived of her liberty and was subject to public ridicule, scorn and contempt, loss of personal reputation, past and future to her detriment; caused emotional distress as a consequence of being arrested on a criminal charge.

## FACTUAL ALLEGATIONS -
## MALICIOUS PROSECUTION

43.     All the foregoing paragraphs of the Complaint are incorporated herein and

made a part hereof as if again set forth in full.

44.     On September 3, 2007 and sixteen (16) times thereafter,

Antoinette C. Taylor called the City of Shelbyville Police Department to complain of a

tenant who persisted over a period of several months in making very disturbing noises

such as blasting his stereo and television in the City of Shelbyville.

45.     City of Shelbyville is a residential neighborhood of attached townhouses.

46.     Defendant Humfleet and Defendant Wilson, along with other unknown

police officers responded angrily to Antoinette C. Taylor's complaint by invading her

privacy and repeatedly refusing to stop banging and pounding [with an object such as a

flashlight] as evident by permanent dents left onto her townhouse's door during

Humfleet's and Wilson's Night shift (11 PM to 7 AM) assignment; depriving her of

peace and quiet enjoyment.

47.     Defendant Humfleet and Defendant Wilson, along with other unknown

police officers responded angrily to Antoinette C. Taylor's complaint by shinning bright

lights into her second floor window facing the street; causing her from going back to

sleep.

48.     Defendant Humfleet and Defendant Wilson, along with other unknown

police officers responded angrily to Antoinette C. Taylor's complaint by making

demeaning, degrading and disgusting comments about her as evident by the audiotapes of

calls; causing her humiliation and embarrassment.

49.     Defendant Humfleet knowingly and intentionally filed a false affidavit to secure an arrest warrant to unlawfully arrest Antoinette C. Taylor as evident by the audiotapes of calls; causing her actually harm of her reputation and depriving of her liberty and she was subjected to public ridicule, scorn and contempt.

50.     As a direct and proximate result of outrageous and gross negligence and other causes of actions herein averred against Defendants Humfleet and Wilson, along with other unknown police officers, Antoinette C. Taylor suffered and continues to suffer compensable injuries including, but not limited to, mental and emotional pain and suffering; was caused to suffer great pain, both mental and physical, past and future to her detriment; caused to suffer great and lasting humiliation and embarrassment.

51.     On March 12, 2008, Antoinette C. Taylor was aware that she was being arrested and complied with the directions of Shelby County Sheriff who took her into physical custody and transported her to the Shelby County Detention Center and falsely charged her with seventeen counts of Falsely Reporting an Incident and Disorderly Conduct in the 2nd Degree.  Antoinette C. Taylor did not consent to the false arrest, because the arrest was not supported by probable cause as evident by the audiotapes of calls and both of her witnesses.

52.     No officer with the Shelbyville Police Department charged Antoinette C. Taylor with any crimes or violations of Kentucky law.

53.     Defendant Robert A. Schutte, both officially and individually, and acted under color of state law, conspired with the intent to deprive Antoinette C. Taylor of

equal protection, privileges and immunities.  Defendant Schutte along with  Defendant Humfleet and Defendant Wilson, along with other unknown police officers, each of them together in violation of 42 U.S.C. section 1985, intended and conspired and agree between themselves and with other person or persons against Antoinette C. Taylor for the purpose of impeding, hindering, obstructing or defeating the due course of justice in the State of Kentucky, in such a manner, with intent to deny Antoinette C. Taylor as a citizen of the United States of America the equal protection of the laws because of her race or color, and to injure Antoinette C. Taylor for lawfully attempting to obtain her right under the Constitution and laws of the United States to the equal protection of the laws; for the purpose of depriving Antoinette C. Taylor, either directly or indirectly under the laws.

54.     As a direct and proximate result of defendants' conspiracy on Antoinette C. Taylor, she suffered deprivation of her constitutional rights, privileges and immunities secured by the Constitution and laws; denial of public defender [counsel] and use of a coerced agreement to secure release of civil actions.

55.     In furtherance of the object of said conspiracy, one or more of said defendants did do or cause to be done the acts set forth incorporated herein in this complaint and, in violation of Title 42 United States Code section 1985 (3), did thereby injure Plaintiff Antoinette C. Taylor in her person and deprive her of having and exercising her rights and privileges under the Constitution and laws of the United States and the Constitution and laws of the State of Kentucky, as set forth in this complaint.

56.     Defendant Schutte had actual knowledge of Defendants Humfleet's and Wilson's, along with other unknown police officers' offending behavior.

57.     Defendant Schutte engaged in improper police practice that led to Antoinette C. Taylor's civil rights being violated by himself and committed by other police officers that he supervises.

58.     Defendant Schutte failed to remove police officers with records of participating in such police malpractice.

59.     Defendant Thomas L. Hardesty, both officially and individually, violated his statutory duty owed to the Plaintiff Antoinette C. Taylor, such as the duty to release her on own recognizance when she met the requirements for release.

60.     Defendant Hardesty acted negligently in hiring unfit police officers or issuing badges to persons untrained in their contact with persons of different race and color.

61.     Defendant Hardesty failed to properly train police officers to deliberate indifference to the rights of persons with whom the police officers come into contact.

62.     Defendant Hardesty acted unreasonably and without caution in employing defendants Humfleet, Wilson and Schutte.

63.     Defendant Humfleet filed a false report with gross exaggerations if not outright lies as evident by the audio tapes of calls.

64.     Defendant Humfleet acting individually and under color of state law and by virtue of his official position, office and employment wrongfully and without probable cause arrested the Plaintiff and caused the Plaintiff to be charged with seventeen counts of Falsely Reporting an Incident and Disorderly Conduct in the 2nd Degree.

65.     Defendant Humfleet's conduct involved intentional wrongdoing or

recklessness. Humfleet's conduct was ministerial.

66.     Antoinette C. Taylor was subsequently denied a speedy trial in Shelby County District Court on the false charges placed against her by Defendant Humfleet set on November 19, 2008 through coercion of a release-dismissal agreement and she was deprived of her right to appear before a jury to be found not guilty of all charges.

67.     Plaintiff's private defense attorney coerced in inducing her to stipulate to probable cause for the actions of Defendant Humfleet and further induced her to agree to forbear institution of civil legal proceedings in return for a dismissal of the criminal charges.

68.     Antoinette C. Taylor repeatedly rejected to the inducements of the prosecutor.  In spite of her rejection, her defense attorney coerced her in signing release-dismissal agreement.

69.     Antoinette C. Taylor considers rescinding or setting aside the illegal settlement agreement that was procured in Shelbyville, Kentucky.

70.     As a direct and proximate result of Plaintiff's defense attorney's negligence, Antoinette C. Taylor has suffered severe emotional distress and loss of civil and constitutional rights under Kentucky laws.

71.     Antoinette C. Taylor was unlawfully arrested without probable cause or other legal justification and the charges filed against Antoinette C. Taylor were fabricated and without any basis in fact.  By virtue of her unlawful arrest, Antoinette C. Taylor's rights under the United States Constitution including, but not limited to, Antoinette C. Taylor's rights under the Fourth, Fifth, Eighth and Fourteenth

Amendments to the Constitution of the United States were violated and

Antoinette C. Taylor's right to Due Process of the law, Equal Protection, right to freedom

from unreasonable invasion of privacy and discrimination basis on color or race.

72.    The actions set forth herein constitute a violation of 42 U.S.C. section

1983 and the Plaintiff brings said claim to redress the deprivation and violation, under

color of state law, of the rights, privileges and immunities guaranteed to Plaintiff by the

Constitution of the United States of America, particularly under the First, Fourth, Fifth,

and Fourteenth Amendments thereto including, but not limited to, the Plaintiff's due

process rights and constitutes false arrest.

73.    The actions of Defendant Humfleet set forth herein constitute a violation

of the constitution of the Commonwealth of Kentucky and the Plaintiff brings said claim

to redress the deprivation and violation, under color of state law, of the rights, privileges

and immunities guaranteed to Plaintiff by the Constitution of the Commonwealth of

Kentucky including, but not limited to, the Plaintiff's due process rights.

74.    Defendant Humfleet maliciously and without probable cause instituted

judicial proceedings against the Plaintiff and said proceedings were stipulated in coercion

in her favor and Plaintiff was denied a speedy trial to be found not guilty of all charges by

a jury of her peers.

75.    The actions of the Defendant Humfleet constitute malicious prosecution

under Kentucky law.

76.    The actions of the Defendant Humfleet constitute the employment of legal

process for some other purpose than that which it was intended by the law to effect.

77.     The actions of the Defendant Humfleet constitute the irregular or wrongful employment of a judicial proceeding.

78.     The actions of the Defendant Humfleet constitute abuse of process under Kentucky law.

79.     Defendant Humfleet defamed and discriminated against Antoinette C. Taylor while acting individually and as an agent or servant of the City of Shelbyville.

80.     As a direct and proximate result of Defendant Humfleet's defamed and discriminated against Antoinette C. Taylor, she suffered humiliation and embarrassment, and severe emotional distress and mental anguish, and public ridicule and scorn.

81.     The actions of Defendant Humfleet constitute defamation and discrimination basis on color and race.

82.     Defendant Humfleet defamed and discriminated against Antoinette C. Taylor in the presence of others, including tenant living next door as her neighbor.

83.     Defendant Humfleet defamed and discriminated against Antoinette C. Taylor while acting individually and as an agent or servant of the City of Shelbyville.

84.     Defendant Humfleet acted intentionally and in an extreme and outrageous manner and/or with reckless disregard of the consequences while acting individually and as agent or servant of the City of Shelbyville by defaming and discriminating against Antoinette C. Taylor in the presence of her neighbors.

85.     As a direct and proximate result of the Defendant Humfleet's intentional,

extreme and outrageous conduct and/or his reckless disregard for the consequences of his actions, Antoinette C. Taylor has suffered severe emotional distress and pain and suffering.

86.     All of the acts relevant hereto were caused, among other causes, by a failure of supervisor and policy-making officers and officials of Defendant City of Shelbyville to properly train, supervise, and counsel individual police officers who engage in such conduct and by a failure to effectively train police officers with regard to the proper constitutional and statutory limits on the exercise of their authority and have instead sanctioned the practice described herein through their deliberate indifference to the effect of said practices upon the constitutional rights of the Plaintiff.

87.     All of the acts relevant hereto were caused, undertaken, and authorized pursuant to official policy and custom of the City of Shelbyville and such acts caused a constitutional tort.

88.     Defendant Shelbyville hired Defendant Humfleet as agent, servant and employee for the purpose of policing the City of Shelbyville.

89.     Defendant Shelbyville has a duty to hire suitable and fit persons as police officers to provide police protection for the City of Shelbyville.

90.     Defendant Shelbyville knew or should have known that Defendant Humfleet was unfit and unsuitable for employment as a police officer with Defendant Shelbyville.

91.     Defendant Shelbyville knew or should have known that the unsuitableness and unfitness of Defendant Humfleet for employment as a police officers could and did

create an unreasonable risk of harm for the residents of the City of Shelbyville.

92.     As a direct and proximate result of Defendant Shelbyville's negligent hiring Defendant Humfleet, Antoinette C. Taylor has suffered mental anguish and severe emotional distress.

93.     Defendant Shelbyville had a duty to supervise all its employees, agents and/or servants.

94.     Defendant Shelbyville negligently permitted Defendant Humfleet to defame and discriminate against residents of Shelbyville and permitted him to conduct himself in extreme and outrageous manner.

95.     Defendant Shelbyville breached its duty to supervise its employee, agent and/or servant, Defendant Humfleet and as a result of this failure to supervise Defendant Humfleet defamed and discriminated against Antoinette C. Taylor.

96.     As a direct and proximate result of Defendant Shelbyville's negligent supervision of Defendant Humfleet, Antoinette C. Taylor has suffered severe emotional distress.

97.     Defendant Shelbyville had a duty to terminate any and all employees, agents or servants whose conduct, on this or any other prior employment, was unlawful, extreme or outrageous.

98.     Defendant Shelbyville had a duty to terminate any and all employees, agents or servants who were unfit or unsuitable to be police officers for Defendant Shelbyville Police Department.

99.     Defendant Shelbyville had a duty to terminate the employment of

Defendant Humfleet.

100.    As a direct and proximate result of Defendant Shelbyville's negligent retention of Defendant Humfleet, Antoinette C. Taylor has suffered severe emotional distress.

101.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty constitute abuse of process under Kentucky law.

102.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty constitute the irregular or wrongful employment of a judicial proceeding.

103.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty constitute the employment of legal process for some other purpose than that which it was intended by the law to effect.

104.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty were conducted for an ulterior purpose and were a willful act in the use of the process not proper in the regular conduct of a legal proceeding.

105.    The Defendants Humfleet, Wilson, Schutte and Hardesty falsely, maliciously and without probable cause, perpetuated and participated in the institution of judicial proceedings against the Plaintiff and said proceedings were stipulated in coercion in favor of the Plaintiff with denial to a speedy trial before the jury of her peers and denial of counsel.

106.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty constitute the commencing of an action or causing of process to be issued maliciously or without justification.

107.    The actions of the Defendants Humfleet, Wilson, Schutte and Hardesty constitute the intentional infliction of emotional distress under Kentucky law.

108.    All of the actions of the Defendants described herein warrant an award of punitive damages against the Defendants in that the Defendants actions constitute a complete failure to exercise reasonable care under the circumstances, gross negligence, and wanton and/or reckless indifference or a complete disregard for lives, safety, rights, or property of others, including the Plaintiff.

109.    As a direct and proximate result of the negligence and other causes of actions herein averred against the Defendants, the Plaintiff suffered and continues to suffer compensable injuries including, but not limited to, mental and emotional pain and suffering; was caused to suffer great pain, both mental and physical, past and future to her detriment; caused to suffer great and lasting humiliation and embarrassment; was wrongfully deprived of her liberty and was subjected to ridicule, scorn and contempt; and all other damages which were both temporary and permanent; all to her damage in an amount which exceeds the jurisdictional minimum of this Court.

110.    As a direct and proximate result of the negligence and other causes of actions herein averred against the Defendants, the Plaintiff incurred substantial attorney fees in defending herself against the false criminal charges instituted and perpetuated against her by these Defendants in Shelby County District Court.

111.    By reason of the acts and omissions described herein, the Plaintiff Antoinette C. Taylor has suffered and continues to suffer compensable injuries, including, but not limited to, mental and emotional pain and suffering, humiliation and

Page 23 of 25

embarrassment. The Plaintiff is entitled to attorney fees pursuant to Title 42 U.S.C. section 1988 and all other applicable Federal and State laws.

WHEREFORE, Plaintiff demands judgment against the defendants and each of them, jointly and severally, in an amount which will fairly and reasonably compensate the Plaintiff for damages she has incurred [and she further demands punitive and exemplary damages against the defendants, and each of them, jointly and severally, that will sufficiently deter the defendant and other individuals similarly situated from committing similar tortuous acts in the future];

      (a)    For judgment against the City of Shelbyville, a municipal corporation of the State of Kentucky, for a sum in the amount of any judgment that may be rendered against the defendants Michael Humfleet, John Wilson, Robert A. Schutte and Thomas L. Hardesty under the first claim of this complaint;

      (b)    For a joint and several judgment against the City of Shelbyville, a municipal corporation in the State of Kentucky, and the defendants Michael Humfleet, John Wilson, Robert A. Schutte and Thomas L. Hardesty, in the in an amount which will fairly and reasonably compensate the Plaintiff for the damages she has incurred;

      (c)    Compensatory damages for emotional distress, pain and suffering, physical and mental and humiliation;

      (d)    Trial by jury;

      (e)    Her costs expended herein, including a reasonable attorney's fee;

      (f)    Leave to amend to include any additional causes of action which may be

revealed in the course of discovery; and

(g)     Any and all other relief to which the Plaintiff may appear to be entitled.

**DATED:** December 14, 2008

Antoinette C. Taylor, Plaintiff in *Pro Se*
101 Gray Hawk Drive
Shelbyville, Kentucky 40065,
502.633.4493

*Plaintiff demands trial by jury.*

Page 25 of 25

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

3.08-CV-656-S

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Taylor, Antoinette C.

**DEFENDANTS** Humfleet, Michael, Wilson, John, Schutte, Robert A., Hardesty, Thomas C., City of Shelbyville

**(b)** County of Residence of First Listed Plaintiff  Shelby
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Shelby
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
N/A

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff

[X] 3 Federal Question (U.S. Government Not a Party)

[ ] 2 U.S. Government Defendant

[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [X] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from another district (specify)

[ ] 6 Multidistrict Litigation

[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983, 1985, 2848, S. C. section 1343(3)

Brief description of cause: For violation of Plaintiff's civil rights under color of State law and for damages of law + redress the deprivation

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 10,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE December 15, 2008

SIGNATURE OF ATTORNEY OF RECORD  Pro se Antoinette C. T.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____